In re ENRON CORP., et al., Reorganized Debtors.

Upstream Energy Services, as Agent for Certain Texas Gas Producers, Appellant,

v.

Enron Corp., et al., the Official Committee of Unsecured Creditors of Enron Corp., et al., Appellees.

No. 04CIV8883VM.

United States District Court, S.D. New York.

July 25, 2005.

Barry A. Brown, Houston, TX, for Appellant.

Susheel Kirpalani, Milbank, Matthew Scott Barr, Tweed, Hadley & McCloy, L.L.P., Brian Scott Rosen, Weil, Cotshal & Manges LLP (NYC), New York City, for Appellees.

## *DECISION AND ORDER*

MARRERO, District Judge.

On June 30, 2005, Upstream Energy Services ("Upstream"), appearing as an agent for certain Texas gas producers ("Texas Producers"), filed a motion to alter, amend or correct the Court's Decision and Order dismissing Upstream's appeal dated June 23, 2005 ("June 23 Judgment"). Appellees Enron Corp., et al. ("Enron") responded to Upstream's motion on July 15, 2005, opposing any alteration to the June 23 Judgment.

A party may move to alter or amend a judgment within ten days after entry of the judgment. Fed.R.Civ.P. 59(e). Upstream moves for the Court to alter the June 23 Judgment to remove footnotes two and three, which concern Upstream's fail-

ure to formalize its agency relationship with the Texas Producers in the underlying bankruptcy proceeding. *See Upstream Energy Servs. v. Enron Corp.* (*In re Enron Corp.*), 326 B.R. 497, 499 nn. 2–3 (S.D.N.Y.2005). Based on its review of the submissions from the parties, the Court sees no basis for granting Upstream its requested relief. Although Upstream filed a proof of claim attaching its agency agreements with the various Texas Producers for the sale of natural gas, that proof of claim did not disclose all of the information necessary to comply with Bankruptcy Rule 2019, in particular which of the Texas Producers Upstream acted as agent for in selling natural gas consented to Upstream acting as its agent in the bankruptcy proceedings. *See In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 851–52 (Bkrtcy. S.D.N.Y.1989) ("Only when an agent has express authorization may he file a claim on behalf of another."). Footnotes two and three merely highlight that Enron pointed to this deficiency, and to this extent effectively do nothing more than reflect a matter that is of record in this litigation. Moreover, as Upstream itself acknowledges, the footnotes were not material to the Court's decision to dismiss Upstream's appeal as moot. As such, the Court's marginal reference to this issue did not result in any error in its conclusion, as Upstream contends.

For the foregoing reasons, its is hereby

**ORDERED** that Upstream Energy Services's Motion to Alter, Amend or Correct the Court's Decision and Order of June 23, 2005, is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**